IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **RMB FASTENERS LTD**, a Hong Kong limited liability company, | ) ) ) |
| Plaintiff, | ) **Case No. 11-cv-2071** ) ) |
| vs. | ) ) |
| **HEADS AND THREADS INTERNATIONAL, LLC**, a Delaware limited liability company, **CAPITAL PARTNERS**, a Delaware limited liability company, **JPMORGAN CHASE BANK, N.A.**, a national banking association, **PATRICK D. CAVANAUGH**, as trustee-assignee for the benefit of the creditors of **HEADS AND THREADS INTERNATIONAL, LLC**, and **MICHAEL WRENN**, an individual, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL FOR DEFENDANTS HEADS AND THREADS INTERNATIONAL, LLC AND PATRICK D. CAVANAUGH**

NOW COMES Plaintiff RMB Fasteners, LTD (hereinafter, "RMB"), by and through its undersigned attorneys, and for its Motion to Disqualify Counsel for Defendants Heads and Threads International, LLC ("HTI") and Patrick D. Cavanaugh ("Cavanaugh"), states as follows:

**INTRODUCTION**

The Court cannot allow the same law firm – Proskauer Rose - to represent simultaneously in this action both (a) the primary alleged tortfeasor (HTI), and (b) the assignee-trustee (Cavanaugh) charged with representing and protecting the Plaintiff's interests and processing Plaintiff's claims as a creditor of HTI. Under such circumstances, Cavanaugh cannot receive fair and impartial legal advice regarding RMB's claims and is breaching his fiduciary duty to RMB with every bit of counsel he receives from Proskauer. More importantly, because Cavanaugh is a trustee of, and owes fiduciary duties to, RMB, Proskauer – as Cavanaugh's attorney and agent –

also owes RMB a fiduciary duty. ***Proskauer cannot possibly properly discharge its fiduciary duties to RMB while also defending the very entity that allegedly defrauded RMB – Defendant HTI.*** The conflict is inherent.

Moreover, Proskauer now is tainted by having received confidential and privileged information from Cavanaugh in the course of its representation – information which Proskauer now can use to assist HTI in its efforts to avoid liability. Therefore, the Court should disqualify Proskauer from representing Cavanaugh so that he can fairly and properly evaluate RMB's claims without HTI and its lawyers improperly influencing his decisions. The Court also should disqualify Proskauer from representing HTI, which could benefit in its defense of this case from Proskauer's knowledge of Cavanaugh's confidential and privileged information.

## BACKGROUND FACTS

This diversity jurisdiction based lawsuit arises out of the Defendants' alleged egregious scheme to defraud Plaintiff RMB out of goods (particularly, fasteners and fastener-related items), having a wholesale value of approximately two-million-six-hundred-thousand dollars ($2,600,000.00). Knowing that Defendant HTI did not have the requisite funds necessary to pay for said goods, the Defendants concocted a scheme whereby: (a) HTI falsely assured RMB that HTI was solvent and could pay for the goods in question, (b) HTI, acting in concert and, at times, at the direction of its financier/investor Capital Partners and its lender Chase, ordered and accepted delivery of the goods without any intention to pay for the goods, (c) HTI did not pay for the goods, and (d) the Defendants, in concert, liquidated the goods, or a majority portion thereof, as quickly as possible to generate cash to pay debts owed by Defendants HTI and/or Capital Partners to Defendant Chase.

Shortly before RMB filed this suit, HTI entered into an "assignment for the benefit of creditors" pursuant to which Defendant Cavanaugh - appointed as trustee-assignee for the benefit of HTI's creditors, including RMB - currently is liquidating the RMB Products obtained through Defendants' unlawful scheme to raise cash to pay HTI's entire creditor pool. Both HTI and Cavanaugh are represented in this matter by the firm of Proskauer Rose.

## ARGUMENT

Proskauer Rose, as counsel for both HTI and Cavanaugh, must be disqualified, as such a dual representation creates a conflict of interest. This type of representation is prohibited by the American Bar Association's Model Rules of Professional Conduct ("Model Rules") and has been invalidated by this Court. As there is no way to safeguard against a conflict and to protect the interests of all affected parties, counsel must be disqualified.

The conduct of an attorney practicing before the district court is measured by the ABA's Model Rules. *Wittenborn v. Pauly,* 1988 U.S.Dist.LEXIS 2816 *8 (N.D. Ill. Mar. 30, 1988). Under Rule 1.7 of the Model Rules, a lawyer is not permitted to represent a client if said representation of that client will be directly adverse to another client unless the lawyer reasonably believes the representations will not adversely affect the relationship with the other client and both clients consent. Likewise, Local Rule 83.51.7 offers the same prohibitions and protections against dual representation and provides that a lawyer "***shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client*** or to a third person…" N.D.Ill.L.R. 83.51.7 (emphasis added). If there is any doubt as to whether a conflict exists, a court should err on the side of caution and disqualify counsel. *Winterborn* 1988 U.S.Dist.LEXIS 2816 at *9. Even the mere appearance of impropriety

3

is sufficient to grant a motion to disqualify counsel. *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1269 (7th Cir. 1983).

While instances of conflicting dual representation within the same matter are rare, they have arisen and this Court has acted swiftly to ensure no conflict exists. In *Roncone v. Liguortis*, 1992 U.S. Dist. Lexis 17658 (N.D. Ill. Nov. 18, 1992), the plaintiff, a trustee of a benefit fund for a local union filed suit against the fund administrator. Defense counsel was hired to represent both the defendant-administrator as well as the local union. *Id.* Because the members of the local chapter were the beneficiaries of the trust that the defendant administered, and the attorney represented the local chapter itself, the Court held the attorney had an implied relationship with the local chapter and therefore owed a fiduciary duty to the members of that local chapter. *Id.* at *7. Accordingly, disqualification of counsel was warranted to avoid any potential for impropriety or conflict. *Id.* at *8.

Likewise, in a case involving allegations that trustees of an employee benefit plan breached their fiduciary duties by improperly administering the plans due to a conflict of interest, a similar conflict was present. *McGinn v. Desoto, Inc.*, 1990 U.S. Dist. LEXIS 17580 (N.D. Ill. Dec. 18, 1990). Counsel for the defendant corporation also represented the trustees of the employee benefit plans. *Id.* The Court recognized the potential situation whereby the plans' interests could be adverse to the interests of the trustees administering the plan, as those trustees continued to serve as fiduciaries for the trust. *Id.* at *10. Accordingly, a conflict existed and disqualification of counsel was required.

Similarly, in *Wittenborn,* a former employee filed a shareholder derivative action against his former employer. The action alleged wrongdoing by both the former employer and individual defendant officers, stemming from a scheme to acquire the plaintiff's shares at an undervalued

4

price while extinguishing his option rights to purchase another director-shareholder's shares, in order for another co-defendant to purchase those shares. Finding that conflict was inherent in any derivative action in which relief was sought on behalf of a corporation against an individual director or officer, the Court stated that "a likelihood of adverse effects is so powerful as to justify automatic prohibition." *Id.* at \*13, *quoting Clay* v. *Doherty,* 608 F.Supp. 295, 302 (N.D.Ill. 1985). In reaching this conclusion, the Court ordered independent counsel be retained to represent the corporation's interests.

The instant case is analogous to the cases cited above. HTI and Cavanaugh have disparate, conflicting interests and cannot be represented by the same law firm. The purpose of an assignment for the benefit of creditors is to transfer a debtor's property to an assignee in trust for the purpose of applying the property and/or proceeds to the payment of debt. *Illinois Bell Tel. Co. v. Wolf Furniture House, Inc.*, 509 N.E.2d 1289, 1292 (Ill. 1987). As stated by the court in *Wolf Furniture*:

> "Such an assignment implies a trust and contemplates the intervention of a trustee. The assignment 'passes the legal title to the property absolutely, beyond the control of the assignor.' An assignment for the benefit of creditors, therefore, is simply a unique trust arrangement in which the assignee (or trustee) holds property for the benefit of a special group of beneficiaries, the creditors."

*Id.* (citations omitted). Here, Cavanaugh has been appointed as trustee-assignee for the benefit of the creditors of Defendant HTI, including Plaintiff RMB. In this role as trustee, Cavanaugh owes a fiduciary duty and total loyalty to the trust's beneficiaries, *Giagnorio v. Emmett C. Torkelson Trust*, 686 N.E.2d 42, 46 (Ill. 1997), not HTI.

Cavanaugh is charged with representing the interests of HTI's creditors, including RMB, and evaluating their claims. A simple question demonstrates the unavoidable and direct conflict created by Proskauer's simultaneous representation of HTI and Cavanaugh in this case: **how can**

5

***Cavanaugh fairly and independently evaluate RMB's claims in this action, thus discharging his duty as RMB's fiduciary, when he is receiving advice from the very same attorneys charged with assisting HTI to avoid liability and defeat RMB's claims?*** He cannot, and Proskauer should be disqualified from representing Cavanaugh in this action to remedy the unavoidable conflict.

Similarly, Proskauer is tainted by exposure to confidential and privileged information received from Cavanaugh during the course of its representation, and its representation of HTI thus is improper. Proskauer unavoidably has been exposed to confidential information known by Cavanaugh regarding HTI's creditors, such as RMB, and their claims. Being duty-bound to also represent HTI's interests in this lawsuit, Proskauer could choose one of two paths regarding such information: (a) use the information for the benefit of HTI and against RMB – one of the creditors for which Cavanaugh (and thus Proskauer) is a fiduciary, thus breaching the fiduciary duty, or (b) not use the information for the benefit of HTI because of its obligation to Cavanaugh and the creditor pool, thus implicating Local Rule 83.51.7's prohibition on representing a client when such representation is "materially limited by the lawyer's responsibilities to another client or to a third person." Either way, a conflict of interest is inescapable. Proskauer cannot be allowed to continue to represent HTI in this litigation.

Proskauer Rose is attempting to serve two masters, which is not only a violation of the Model Rules, but a virtual impossibility. Stated under the terms of Local Rule 83.51.7, (a) Proskauer's representation of Cavanaugh is materially limited by Proskauer's responsibilities to HTI, and (b) Proskauer's representation of HTI is materially limited by Proskauer's responsibilities to Cavanaugh and the creditor pool. This dual representation runs afoul of the

same considerations present in *Roncone, McGinn,* and *Winterborn*. Accordingly, a conflict exists and disqualification is not only warranted, but required.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff RMB Fasteners, LTD respectfully requests that this Honorable Court enter an Order disqualifying Proskauer Rose as counsel for both Defendant Heads and Threads International, LLC and Defendant Patrick D. Cavanaugh and granting such other and further relief this Honorable Court deems appropriate and just.

                                                    RMB Fasteners LTD,
                                                    Plaintiff,

                                      By: /s/ Anthony S. Hind
                                           One of its attorneys

Michael S. Pomerantz (ARDC # 6205384)
Andrew A. Jacobson (ARDC #6211224)
Anthony S. Hind (ARDC #6257797)
**BROWN, UDELL, POMERANTZ & DELRAHIM, LTD.**
1332 North Halsted Street – Suite 100
Chicago, Illinois 60642
Tel: (312) 475-9900